AI FANG CHEN, Petitioner

v.

ATTORNEY GENERAL OF the UNITED STATES, Respondent.

No. 08–4079.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Nov. 12, 2009.

Opinion filed: Dec. 30, 2009.

Theodore N. Cox, Esq., New York, NY, for Petitioner.

Francis W. Fraser, I, Esq., Susan K. Houser, Esq., Thomas W. Hussey, Esq., Gary J. Newkirk, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCIRICA, Chief Judge, SMITH and WEIS, Circuit Judges.

## OPINION

PER CURIAM.

Petitioner Ai Fang Chen, a citizen of China, seeks review of a final order issued by the Board of Immigration Appeals ("BIA"). For the reasons that follow, we will deny the petition for review.

This matter has an extended history. In February 2000, Chen entered the United States without being admitted or paroled. In December 2000, she filed an asylum application on the basis of her political opinion, alleging that she and her husband had been persecuted by the Chinese government because they had violated the family planning policy, having had two children in China. Chen was placed into removal proceedings as an alien present in the United States without being admitted or paroled. She conceded removability but pursued her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

In February 2002 and December 2003, Chen testified before the Immigration Judge ("IJ") as to the following account of her claim. Chen was born in Fujian Province, and in 1989, she and her husband were married in a traditional ceremony. They did not register the marriage because they were not of legal age to marry. After their first child was born in 1990, family planning officials forced Chen to have an IUD inserted. Chen wanted to have more children, so she went to a private doctor to have the IUD removed. She became pregnant, and the family planning officials came to her home and ordered her to have an abortion and pay a fine. Instead, she and her husband went into hiding at her parents' house, while their daughter stayed with her mother-in-law. When her husband went back to their town to visit their daughter, family planning officials confronted him and instructed him to bring Chen for an abortion. Her husband escaped and left China for the United States. Their second child was born in 1991, and Chen was arrested at home and was taken to the hospital for sterilization. However, the doctor refused to sterilize her because of a skin disease. Instead, another IUD was inserted and a fine levied for failure to have a marriage certificate and for lack of permission to have a child. The fine was paid, and Chen was released. She left China in 2000. The couple's third child was born in the United States in 2001.

Chen stated that she does not wish to return to China because she fears being forcibly sterilized. At the continued hearing, additional documents were submitted concerning Chen's medical records and the asylum proceedings concerning Chen's husband, whose claim had been denied. When asked why her medical records did not show a history of a skin disease, she stated that she thought it was an infection and the doctor was concerned about making an incision. When asked about the differences in several details of her husband's version of their claim versus her own, she maintained her account of the events. Chen admitted that she did not have the IUD removed after she arrived in the United States and that it was still in place when she became pregnant with her third child. She explained that she owed much money and that she had never thought about having it removed.

On December 3, 2003, the IJ found that Chen had not shown that wearing her second IUD was involuntary because she had not had it removed during the years-long period after her husband left China or after she came to the United States. The IJ noted the inconsistencies between Chen's testimony and her husband's testimony in his own proceedings and further noted that Chen's supporting documentation had not been authenticated. The IJ found that, even if Chen were credible, she had not shown past persecution on asylum grounds and that Chen had not met her burden of proof on her future persecution or CAT claims. Accordingly, the IJ denied Chen's applications for relief and ordered her removal to China. Chen appealed to the BIA, arguing that she was credible and had met her burden of proof on her asylum and withholding claims. In April 2005, the BIA affirmed the IJ's decision, without opinion.

Chen filed a timely motion to reopen based on new evidence concerning her fear of persecution by family planning officials in China in light of her having had a third child while in the United States. In October 2005, the BIA granted the motion to reopen, noting that Chen's evidence suggested that couples returning to China after having given birth to unauthorized children may be subject to China's coercive population control program.

On remand, Chen submitted additional evidence to the IJ and gave additional testimony at a November 28, 2006 hearing. She stated that she fears sterilization upon return to China as a violator of the family planning policy, based upon information provided by her attorney and others from where she lived. She later stated that she did not know anyone who had given birth in the United States and returned to China to her town. At the close of the hearing, the IJ again denied relief. The IJ found, among other things, that the evidence contained conflicting information, and that there was no evidence of any harm to couples returning to China with United States-born children. The IJ also noted that Chen's third child was alive at the time of the prior hearing and already had been considered in the previous decision, and the new evidence did not persuade the IJ to alter the December 3, 2003 decision. The IJ again denied asylum, withholding, and CAT relief, but certified the case to the BIA to address whether Chen was entitled to relief based on possible sterilization or forced abortion concerning a future child.

Chen appealed to the BIA and submitted additional evidence in support of her position. On September 5, 2008, the BIA dismissed the appeal, noting its agreement with the IJ's conclusions that Chen had not met her burden of proof on her claims. The BIA found that to the extent that

Chen claimed fear of persecution because she will continue to have children in China, the claim was speculative. In addition, the BIA noted that it would not consider new evidence on appeal, citing 8 C.F.R. § 1003.1(d)(3)(iv). Further, to the extent that Chen requested a remand based on the new evidence, the BIA found that remanding the case was not warranted. In so finding, the BIA stated that Chen failed to show that the evidence would change her case's outcome, and noted that one of the documents had not been authenticated.

Chen timely filed a petition for review in this Court. We have jurisdiction under 8 U.S.C. § 1252(a) regarding the final removal order. Though much of Chen's brief focuses on the IJ's decision, "[w]here, as here, the BIA issues a decision on the merits and not simply a summary affirmance, we review the BIA's, and not the IJ's, decision." *Chavarria v. Gonzalez*, 446 F.3d 508, 515 (3d Cir.2006). Whether an applicant has demonstrated a well-founded fear of future persecution is a factual determination reviewed under the substantial evidence standard. *Voci v. Gonzales*, 409 F.3d 607, 613 (3d Cir.2005). We must uphold the BIA's findings "unless the evidence not only supports a contrary conclusion, but compels it." *Zubeda v. Ashcroft*, 333 F.3d 463, 471 (3d Cir.2003) (citations omitted). We have jurisdiction over the BIA's denial of a remand as well, and we review that decision for an abuse of discretion. *See Korytnyuk v. Ashcroft*, 396 F.3d 272, 282–83 (3d Cir.2005).

■ At the outset, we note that Chen's brief contains statements of law concerning withholding of removal and CAT relief, as well as a paragraph heading that the agency erred in denying the various forms of relief. However, the arguments in her brief are limited to her having established a well founded fear of future persecution under the asylum standard. Because no argument is presented regarding withholding or CAT relief, we deem the issues waived. *See Lie v. Ashcroft*, 396 F.3d 530, 532 n. 1 (3d Cir.2005). Also we note that the government contends Chen has waived any challenge to the BIA's decision because her argument concerns only the procedural manner in which the BIA reached its decision without challenging the correctness of the BIA's ultimate conclusion in her case. We reject this argument. As the government acknowledges, Chen does challenge the IJ's conclusions in her brief, and in so doing, she makes a substantive challenge to the BIA's agreement and affirmance of the IJ's conclusions.

■ We now turn to Chen's arguments. Chen argues that in reviewing the IJ's factual determination, the BIA relied almost entirely on its prior decisions in *Matter of S–Y–G–*, 24 I. & N. Dec. 247 (BIA 2007); *Matter of J–W–S–*, 24 I. & N. Dec. 185 (BIA 2007); and *Matter of C–C–*, 23 I. & N. Dec. 899 (BIA 2006); and did not conduct an individualized review. Although the BIA cited those decisions, the BIA also noted the lack of any evidence before it that the Chinese government is aware of the birth of Chen's third child in the United States (upon which her motion to reopen was based) and is interested in persecuting her. We thus distinguish the circumstances here from our decision in *Zheng v. Attorney General*, 549 F.3d 260, 269–71 (3d Cir.2008), where we vacated the denial of motions to reopen based on the BIA's failure to discuss the evidentiary record. Chen points to the portions of the IJ's decision relating the evidence of reported forced sterilizations in Fujian Province and of the policy that returning Chinese nationals with children born in the United States would not be exempt from the one-child family planning laws. However, Chen points to no evidence of forced

322

sterilizations of couples returning to China with children born in the United States such that would compel us to disturb the BIA's finding on her asylum claim. Thus, we conclude that the BIA's decision to affirm the IJ's finding that Chen had not met her burden of persuasion concerning her asylum claim is supported by substantial evidence.

■ Chen also contends that the BIA erred in refusing to consider previously-unavailable, material evidence submitted in support of her appeal, namely, a document titled "Notice of the Family Planning Policy of Fujian Province," dated November 23, 2006, issued by the Family Planning Office in Tianjiang Town, Mawei District, Fuzhou City.[1] Chen also contends that the BIA erred in refusing to remand the matter to the IJ for consideration of that evidence. Chen cites *Liu v. Ashcroft*, 372 F.3d 529, 533 (3d Cir.2004), and asserts that the BIA erred in rejecting the evidence solely because the document had not been authenticated. First, we discern no error in the BIA's refusal to consider the new evidence on appeal, given that the BIA generally does not engage in factfinding in deciding appeals. *See* 8 C.F.R. § 1003.1(d)(3)(iv). Second, although the BIA noted the lack of authentication of the Notice, the BIA did not strictly apply the authentication standard of 8 C.F.R. § 287.6 and exclude the document from consideration solely on that basis, as in *Liu*. Rather, the BIA found that remand was not warranted because Chen had failed to establish that her new evidence would change her case's outcome. We conclude that the BIA did not abuse its discretion in denying a remand to the IJ.

Based on the foregoing, we will deny the petition for review.

1. The record indicates that Chen was a resident of that locality before she left China. The translation of the Notice indicates that the town strictly enforces the family planning policies of Fujian Province, and that Chinese citizens who have two children "should be sterilized." The Notice further indicates that the policy applies to Chinese citizens who return to China and do not have proper foreign status who return to China, with exceptions not relevant here. (A.R.123.)